1/11/07

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 06-40117 |
| ) | |
| v. ) | Violations: Title 18, United |
| ) | States Code, Sections 201(b)(2)(A) |
| PELETI PELETI, JR., a/k/a "Pete," ) | and Title 31, United |
| ) | States Code, Section 5332 |
| Defendant. ) | |

## INFORMATION

FILED
JAN 1 2 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE UNITED STATES ATTORNEY CHARGES:**

A.  **Introductory Allegations**

*Overview*

1. The defendant, PELETI PELETI, JR., a/k/a "Pete," a U.S. Army Chief Warrant Officer, received a $50,000 cash bribe for his efforts to try to steer a U.S. Army contract for food service supplies from the existing contractor to a Kuwait-based company.

2. PELETI accepted the bribe while he served as the U.S. Army's Theater Food Service Advisor for Kuwait, Iraq and Afghanistan, and was thereby in a position to influence the award and administration of Army food service contracts.

3. PELETI thereafter smuggled approximately $40,000 of the cash bribe proceeds from Kuwait into the United States.

### *The LOGCAP III Prime Contract*

4.     The United States Army administered a program to use civilian contractors to provide the Army with additional means to support the logistical needs of the United States military forces in wartime and other operations. One of the contracts the Army awarded for that purpose was known as the Logistics Civil Augmentation Program III ("LOGCAP III") prime contract. It was awarded by the United States Army's Operation Support Command to the company now known as Kellogg Brown & Root Services, Inc., ("KBR") on December 14, 2001.

5.     The Operations Support Command was headquartered at the Rock Island Arsenal at Rock Island, Illinois, within the Central District of Illinois. The Army Field Support Command, also located at the Rock Island Arsenal, administered the LOGCAP III prime contract. Additionally, the Resource Management Unit of the Field Support Command at the Rock Island Arsenal managed the money for the LOGCAP III prime contract, including obligating funding for the payment of task orders under LOGCAP III.

6.     Among the Army's requirements to be accomplished through task orders issued under the LOGCAP III prime contract was the providing of dining facilities, meal services, and the attendant supplies needed by soldiers to dine, including paper products and plastic flatware.

7. In and before December 2005, food service supplies, including paper products and plastic flatware, were being provided to the Army by KBR under the LOGCAP III prime contract.

*The Defendant*

8. PELETI was a Chief Warrant Officer in the United States Army and served as the Army's Theater Food Service Advisor for Kuwait, Iraq and Afghanistan. He was the advisor to the Commander on all facets of the Army's food service program for soldiers in those countries. He was stationed at Camp Arifjan in Kuwait and reported to Army command officials there.

9. Among PELETI's duties was the monitoring of Army food service contracts in Kuwait, Iraq and Afghanistan, including the acquisition and distribution of food and related food service supplies at Army bases and camps.

B. **The Offenses**

## COUNT ONE
### (Receipt of a Bribe)

10. The United States Attorney hereby realleges and incorporates by reference paragraphs 4 through 9 of this Information as though fully set forth herein.

11.    During or about the first week of December 2005, in the Central District of Illinois, and elsewhere, including at Kuwait City, Kuwait, the defendant,

**PELETI PELETI, JR., a/k/a "PETE,"**

being a public official, that is, a Chief Warrant Officer of the United States Army acting for and on behalf of the United States Department of the Army, did knowingly, directly and corruptly receive and accept a thing of value personally, namely $50,000 in United States currency, in return for being influenced in the performance of an official act as defined by Title 18, United States Code, Section 201(a)(3), that is, an effort to steer a U.S. Army contract for food service supplies, including paper products and plastic flatware, from the existing government contractor under the LOGCAP III prime contract, to the Kuwait business referred to herein as "Company A," all in violation of Title 18, United States Code, Section 201(b)(2)(A).

## COUNT TWO
### (Bulk Cash Smuggling into the United States)

12.    On or about December 14, 2005, in the District of Delaware, and elsewhere, the defendant,

**PELETI PELETI, JR., a/k/a "PETE,"**

did, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly conceal more than $10,000 in currency,

that is, approximately $40,000 in United States currency, on his person, specifically in an article of clothing he was wearing and in the luggage, backpack, and other container that he was wearing and carrying, and did knowingly transport said concealed currency from a place outside the United States to a place within the United States, namely, from Kuwait City, Kuwait to Dover, Delaware, all in violation of Title 31, United States Code, Section 5332.

### COUNT THREE
### (Forfeiture)

13. As a result of the foregoing bribery offense under Title 18, United States Code, Section 201(b)(2)(A) as alleged in Count One of this Information, which count is hereby realleged and incorporated by reference as though fully set forth herein, the defendant,

**PELETI PELETI, JR., a/k/a "PETE,"**

shall forfeit to the United States, pursuant to Title 28, United States Code, Section 2461(c), any and all interest that he may have, individually and/or in association with others, in and to all personal property involved in the afore stated offense, and any property traceable to such property, including but not limited to:

A.  **Money Judgment**

At least $50,000.00, in that such sum in aggregate is property which was involved in the afore stated offense or is traceable to such property, or in the alternative, if the $50,000.00 cannot be located, a monetary judgment in that amount in favor of the United States and against the defendant;

B.  **Personal Property**

   a. One ladies' two-tone Rolex watch in green box;

   b. One each matching ladies' and mens' imitation Cartier watches in white and green box;

   c. One Ablux ladies' gold watch with matching bracelet in red box;

   d. One ladies' gold-tone CQ Citron watch with necklace and earrings in blue velvet box;

   e. One ladies' silver-tone CQ Citron watch with necklace and earrings in red velvet box;

   f. One black-faced Omax mens' watch;

   g. One set pottery salt and pepper shakers in wire rack;

   h. One set wooden salt and pepper shakers; and

   i. One animal-skin shield;

the proceeds from the sale of which shall be applied to the money judgment referred to in Section A above; and

C. **Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or,

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 21, United States Code, Section 853(p)), to seek forfeiture of any other real or personal property of the defendant up to the value of the above-described forfeitable property.

THE UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY

By: S/Jeffrey B. Lang
JEFFREY B. LANG
ASSISTANT UNITED STATES ATTORNEY
1830 Second Avenue, Suite 320
Rock Island, Illinois 61201
Tel: (309) 793-5884
Fax: (309) 793-5895