E-FILED
Friday, 20 July, 2007  06:57:25 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Headquarters Office*
*Springfield, Illinois*

---

Rodger A. Heaton
United States Attorney

*Reply to:*
*Rock Island Branch Office*
*1830 Second Avenue, Suite 320*
*Rock Island, Illinois 61201*
*(309)793-5884*
*FAX: (309)793-5895*

August 10, 2006

Donovan C. Robertson, Esq.
100 17th Street, Suite 405
Rock Island, IL 61201

                            Re:     Cooperation Agreement for
                                       Peleti Peleti, Jr.

Dear Mr. Robertson:

     It is my understanding that your client, Peleti Peleti, Jr., desires to cooperate with the government in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity by the federal government. This letter is intended as a grant of conditional use immunity.

     To avoid any misunderstanding, the specific terms of this grant of immunity are as follows:

1. The federal government agrees that no statement made or information provided pursuant to this agreement will be directly used as material evidence against your client in any federal criminal case, except for (1) prosecutions for making false statements or perjury during statements made pursuant to this agreement; (2) prosecutions for felony offenses involving the actual or threatened use of violence, and attempts and conspiracies to commit such, (3) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information that he provides pursuant to this agreement, (4) forfeiture proceedings, and (5) supervision revocation proceedings. The government will remain free to discharge its duty to the court, if such duty exists under the circumstances, by informing the court of any information that your client provides. The court will also be notified that such information was obtained pursuant to this grant of use immunity.

2. Your client agrees that any statement made or information provided pursuant to this agreement may be directly or indirectly used to obtain leads to other evidence, which evidence may be used against him in any criminal, civil, forfeiture, or administrative hearing, trial or other proceeding, including the sentencing hearing. It is intended by the government and acknowledged by your client that this provision eliminates the need for a <u>Kastigar</u> hearing wherein, absent this provision, the government would be required to prove that evidence being offered was not obtained through information provided by your client while cooperating with the government.

GOVERNMENT
EXHIBIT
A

3. Your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding everything he knows or has reason to believe about the criminal conduct of himself, if any, and that of other persons. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information that he provides.

4. Your client agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the government.

5. You and your client further acknowledge and agree that the federal government's grant of use immunity herein is entirely conditioned upon your client's complete compliance with each and every term of this agreement. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the federal government will be entitled to use his statements and evidence that he provides to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

6. For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

7. Your client understands that the offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

8. Your client hereby agrees to undergo a polygraph examination to confirm any or all of the information that he provides pursuant to this cooperation agreement.

9. Any material breach of any provision of this agreement by your client will void this agreement in its entirety and will release the federal government from any obligation under this agreement. Any controversy concerning whether your client has knowingly made any materially false statement or omission during his cooperation, or has otherwise materially breached this cooperation agreement, shall be brought to the attention of, and determined by, the U.S. District Court.

10. At this time the government is not making, and has not made, any promise or commitment of any kind to your client regarding the prosecution of any offense or the sentence in any case.

11. This agreement is limited to the statements made and given by your client after the execution of this cooperation agreement and does not apply to statements, if any, given by him prior thereto.

12. This letter embodies the entirety of the federal government's immunity agreement with your client. No other promise or agreement exists between your client and the federal government regarding such immunity.

Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY

By:  S/Jeffrey Lang
JEFFREY B. LANG
SUPERVISORY ASSISTANT U.S. ATTORNEY

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation and use immunity.

S/Peleti Peleti Jr.
Peleti Peleti, Jr.

Date: August 14, 2006

S/Donovan Robertson
Donovan S. Robertson
Attorney for Peleti Peleti, Jr.

Date: August 14, 2006