UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

FILED
FEB 2 0 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| 5. | ) | No. 06-40117 |
| PELETI PELETI, JR., a/k/a "Pete," | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER coming on for hearing on the government's motion for entry of a Preliminary Order of Forfeiture upon Defendant Peleti Peleti, Jr.'s plea of guilty and pursuant to 28 U.S.C. §2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds as follows:

1.  The Information in the above described cause sought the forfeiture of certain property of defendant, Peleti Peleti, Jr., namely:

Any and all interest the defendant may have, individually and/or in association with others, in and to all personal property involved in the offenses and any property traceable to such property, including but not limited to:

(a)  One ladies two-tone Rolex watch in green box;

(b)  One each matching ladies' and men's imitation Cartier watches in white and green box;

(c)  One Ablux ladies' gold watch with matching bracelet in red

box;

  (d) One ladies' gold-tone CQ Citron watch with necklace and earrings in blue velvet box;

  (e) One ladies' silver-tone CQ Citron watch with necklace and earrings in red velvet box;

  (f) One black-faced Omax men's watch;

  (g) One set pottery salt and pepper shakers in wire rack;

  (h) One set wooden salt and pepper shakers; and

  (i) One animal-skin shield;

the proceeds from the sale of which shall be applied to the money judgment referred to herein. The Information alleged that said property of the defendant is property involved in the offense or traceable to such property, and pursuant to 28 U.S.C. §2461(c) is forfeited to the United States of America.

  2. Count 3 of the Information also sought the forfeiture of at least $50,000.00, in that such sum in aggregate is property which was involved in the aforestated offense or is traceable to such property, or in the alternative, if the $50,000.00 cannot be located, for the entry of a monetary judgment in that amount in favor of the United States and against the defendant. The forfeiture count also sought the forfeiture of substitute assets.

3. On February 9, 2007, the defendant entered into a plea agreement with the United States in which he agreed to plead guilty to Counts 1 and 2 of the Information charging violations of 18 U.S.C. §201(b)(2)(A) and 31 U.S.C. §5332, to forfeit to the United States the above-described property, and to the entry of a money judgment in the amount of $50,000.00 against the defendant and in favor of the United States.

Accordingly, it is hereby ordered, adjudged and decreed:

A. A monetary judgment in the amount of $50,000.00 is hereby entered against the Defendant and in favor of the United States;

B. All right, title and interest in and to the following property is hereby forfeited to the United States of America:

(a) One ladies two-tone Rolex watch in green box;

(b) One each matching ladies' and men's imitation Cartier watches in white and green box;

(c) One Ablux ladies' gold watch with matching bracelet in red box;

(d) One ladies' gold-tone CQ Citron watch with necklace and earrings in blue velvet box;

(e) One ladies' silver-tone CQ Citron watch with necklace and earrings in red velvet box;

(f) One black-faced Omax men's watch;

(g) One set pottery salt and pepper shakers in wire rack;

    (h)  One set wooden salt and pepper shakers; and

    (i)  One animal-skin shield;

and the United States Marshal is hereby authorized to seize said property for disposition in accordance with law subject to the provisions of 18 U.S.C. §983.

  C.  The above mentioned property is to be held by the United States Marshal's Service, Central District of Illinois, until further order of this court.

  D.  Pursuant to 18 U.S.C. §983, the United States forthwith shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this order, notice of the United States Marshal's intent to dispose of the property in such a manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above, must file a petition with this court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.

  This notice shall state that the petition is for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of this Order, as a substitute for published notice as to those persons notified.

  D.  Upon adjudication of all third-party interest, this Court will enter a Final

Order of Forfeiture pursuant to 18 U.S.C. §981 and 28 U.S.C. §2461.

ENTER: February 20th, 2008.

                                          S/Michael M. Mihm
                                          **U.S. District Judge Michael M. Mihm**